IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SAMUEL LAZAR,<br><br>   Defendant. | Case No: 21-cr-525-ABJ |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
THE PRESS COALITION'S MOTION TO UNSEAL**

Pursuant to Local Criminal Rule 57.6, the Press Coalition[1] respectfully requests that the Court unseal and place on the public docket all records currently not available related to the plea and sentencing of Defendant Samuel Lazar. This motion seeks access to any sealed or otherwise undocketed judicial records related to Lazar's sentencing, including but not limited to: any plea or change of plea made by Lazar; any sentencing by the Court; the transcript of any sentencing hearing; any memoranda or other filings made in connection with a sentencing hearing; any related motion to seal, response thereto; and any sealing order.

These filings (together, the "Sealed Judicial Records") are all subject to the First Amendment and common law rights of public access. The public docket provides no explanation as to why, despite the strong presumption of transparency in this Circuit, these

---

[1] Members of the Press Coalition are Cable News Network, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, CBS Broadcasting, Inc. o/b/o CBS News, Dow Jones & Company, Inc., publisher of The Wall Street Journal, The E.W. Scripps Company, Gannett Co., Inc., Gray Media Group, Inc. Los Angeles Times Communications LLC, publisher of The Los Angeles Times, National Public Radio, Inc., NBCUniversal Media, LLC d/b/a NBC News, The New York Times Company, POLITICO LLC, Pro Publica, Inc., Tegna, Inc., and WP Company LLC, d/b/a The Washington Post.

judicial records are not available to the public. The Court should therefore grant the Press Coalition's motion for access to the Sealed Judicial Records.

## I.     BACKGROUND

This lawsuit is one of many cases arising out of the riot at the United States Capitol on January 6, 2021, an event "of deep national importance." *United States v. Munchel*, 567 F. Supp. 3d 9, 16 (D.D.C. 2021). Defendant Samuel Lazar was charged with crimes related to "spraying a chemical irritant toward the U.S. Capitol Police and D.C. Metro Police and admitting to doing so" on the Capitol grounds, including felony assault of an officer in violation of 18 U.S.C. § 111(a) and (b). *See* Statement of Facts, Dkt. 1-1, at 8.

Following Lazar's arrest on July 21, 2021, the Court ordered Lazar detained pending trial. *See* Aug. 31, 2021 & Oct. 18, 2021 Minute Orders. According to the public docket, Lazar entered a plea of not guilty on February 9, 2022, and all five counts charged in the Superseding Indictment remain pending. *See* Superseding Indictment, Dkt. 50, & Feb. 9, 2022 Minute Entry.

Over the past year, very little has been noted on the public docket for this prosecution. On March 7, 2022, the parties jointly moved to continue a status conference for 90 days in order to engage in discovery and "to negotiate a disposition of the matter short of trial." *See* Joint Status Report & Mot. to Continue Status Conference, Dkt. 53. Since then, only two events have been entered on the docket: the June 13, 2022 Minute Order vacating this rescheduled status conference, which the Court stated "will be reset for a date and time to be determined," and a notice of appearance by a Government attorney on March 9, 2023. *See* June 13, 2022 Minute Order & Notice of Attorney Appearance, Dkt. 56.

According to news reporting, the Court scheduled a sentencing hearing for Defendant in mid-March, 2023. *See* Ryan J. Reilly, *Jan. 6 rioter who was accused of urging the mob to steal police guns scheduled to be sentenced*, NBC News (Mar. 17, 2023),

https://www.nbcnews.com/politics/justice-department/jan-6-rioter-was-accused-urging-mob-steal-police-guns-scheduled-senten-rcna75511; Dan Nephin, *Unannounced hearing Friday for Jan. 6. defendant Samuel Lazar could signal plea*, Lancaster Online (Mar. 17, 2023), https://lancasteronline.com/news/local/unannounced-hearing-friday-for-jan-6-defendant-samuel-lazar-could-signal-plea/article_b9202d6c-c505-11ed-afe8-f301ae7ef3dd.html. The news reports stated that Defendant's family had been seen at the courthouse, and that documents related to his sentencing are being shielded from public view. Additionally, despite the violent felony with which Lazar was charged, according the Federal Bureau of Prisons website, he is to be released from custody on September 13, 2023. *See* Samuel Lazar, Register Number: 56948-509, https://www.bop.gov/inmateloc/. It appears that Lazar was sentenced following a change of plea and hearing, and based on records and proceedings that are not part of the public docket.

In this prosecution, the Court, adhering to the strong precedent in this Circuit favoring public access to judicial records, has already ordered portions of the record – specifically, video exhibits submitted by the Government in connection with its request that Defendant be detained pending trial – released to the Press Coalition in response to its application pursuant to Standing Order No. 21-28 (BAH). *See* Mem. Op. & Order, Dkt. 41. In this motion, the Press Coalition asks the Court, under the same law and policy governing judicial transparency, to release the Sealed Judicial Records submitted in connection with this Defendant's change in plea and sentencing.

## II. THE COURT SHOULD GRANT ACCESS TO THE SEALED JUDICIAL RECORDS

The First Amendment and common law rights of access to judicial records are "a fundamental element of the rule of law, important to maintaining the integrity and legitimacy of

an independent Judicial Branch." *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 663 (D.C. Cir. 2017).

Fifteen years ago, following an investigation led by the Reporters Committee for Freedom of the Press revealing that no public online docket existed for 469 criminal cases in this District over a five-year period, then-Chief Judge Thomas Hogan spearheaded a vote by the U.S. Judicial Conference resulting in recommendations that all federal trial courts list all sealed dockets online. *See Conference recommends change to secret dockets*, Reporters Comm. for Freedom of the Press (Mar. 13, 2007), https://www.rcfp.org/conference-recommends-change-secret-dockets/. Judge Hogan commented that the Reporters Committee "did a good favor for us in discovering" these secret dockets. *Id*. The absence of *any* docket entries related to Lazar's sentencing, or to the sealing of these records, is inconsistent with these serious policy changes intended to ensure judicial records and decisions are docketed.

The Court should release the Sealed Judicial Records under both the First Amendment and the common law.

**A.    The Court Should Release The Records Under The Constitutional Right of Access.**

"The Supreme Court has sketched a two-stage process for resolving whether the First Amendment affords the public access to a particular judicial record or proceeding." *Dhiab v. Trump*, 852 F.3d 1087, 1102 (D.C. Cir. 2017) (Williams, J., concurring). "First the court must determine whether a qualified First Amendment right of public access exists. If so, then . . . the record or proceeding may be closed only if closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id*. (cleaned up).

Courts follow the "experience and logic" test to determine where the constitutional right of access right to records or a proceeding. *Press-Enter. Co. v. Super. Ct.*, 478 U.S. 1, 9 (1986).

4

Under this test, the right of access attaches if "the place and process have historically been open to the press and general public" and if access "plays a significant positive role in the functioning of the particular process." *Id*. at 8. Applying this test, the constitutional right of access plainly attaches to any sealing motions or orders. *See EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) ("A court's decrees, its judgments, its orders, are the quintessential business of the public's institutions."); *Wash. Post v. Robinson*, 935 F.2d 282, 289 (D.C. Cir. 1991) (holding that motions to seal plea agreements must be publicly docketed, and interested parties must be given notice and opportunity to be heard before sealing).

Likewise, the First Amendment protects public access to filings and proceedings related to resolution of a prosecution, including plea agreements and records related to sentencing. *Robinson*, 935 F.2d at 288 (First Amendment right of access applies to plea agreement); *United States v. Dare*, 568 F. Supp. 2d 242, 244 (N.D.N.Y. 2008) ("It is well-recognized that the public has a strong right to sentencing memoranda under the First Amendment and the common law right to judicial records."). As this District has observed in acknowledging a constitutional right to access sentencing filings, public oversight

> serves to check any temptation that might be felt by either the prosecutor or the court to seek or impose an arbitrary or disproportionate sentence; promote accurate fact-finding; and in general stimulate public confidence in the criminal justice system by permitting members of the public to observe that the defendant is justly sentenced.

*United States v. Harris*, 204 F. Supp. 3d 10, 15 (D.D.C. 2016) (cleaned up).

Where this constitutional right of access applies, the Court should make the judicial records public unless secrecy "is essential to preserve higher values and is narrowly tailored to serve that interest." *Dhiab*, 852 F.3d at 1102 (Williams, J., concurring). The public docket contains no argument by the parties or finding by the Court that the withholding of the Sealed

5

Judicial Records is essential to preserve any higher values. Nor are there any public findings that narrowly targeted redactions would not sufficiently protect any such interest. *See In re N.Y. Times Co.*, 585 F. Supp. 2d 83, 91 (D.D.C. 2008) (because restrictions on First Amendment right of access must be narrowly tailored, courts must ask whether "the goal of protecting [higher values] can be accomplished by means less restrictive than prohibiting access . . . altogether"); *see also Dare*, 568 F. Supp. 2d at 245 (ordering a sealing order and a sentencing memorandum be unsealed, with limited redactions to the defendant's personal identifying information within the memorandum); *Harris*, 204 F. Supp. 3d at 12 (ordering that its sealing memorandum and opinion be docketed with limited redactions).

Because the First Amendment access right applies to the Sealed Judicial Records, and there are no findings on the public record demonstrating that blanket withholding is essential to preserving any higher values, the Court should promptly grant the Press Coalition's motion for access.

**B.     The Court Should Release The Records Under The Common Law Right Of Access.**

The Court also should release the Sealed Judicial Records pursuant to the common law right of access. "Although [this] right is not absolute, there is a strong presumption in its favor, which courts must weigh against any competing interests." *Metlife*, 865 F.3d at 663. Like the constitutional right of access, the common law right requires courts to conduct a two-stage analysis. First, courts determine whether the records at issue are "judicial records" to which there is a "strong presumption" in favor of access. *Id.* at 665-69. If they are judicial records, courts then apply the six-factor test set out in *United States v. Hubbard* to determine whether the presumption of access has been rebutted. 650 F.2d 293, 317-21 (D.C. Cir. 1980).

Under controlling case law, the Sealed Judicial Records are "judicial records" to which the public has a presumptive right of access under the common law. *See Harris*, 204 F. Supp. 3d at 15 (common-law right of access applied to sentencing memoranda and attachments). In *Metlife*, the D.C. Circuit recently explained that documents filed with the court are judicial records, even when they are filed under seal, so long as they "were filed before the . . . court's decision and were intended to influence it." 865 F.3d at 668. Here, the Sealed Judicial Records – including (and possibly not limited to) a change in Lazar's plea, his sentencing, and the Court's decision to seal these records – clearly were intended to influence the Court in reaching a decision and reflect the Court's decision. The Sealed Judicial Records also are therefore "judicial records," and the same "strong presumption" of public access applies.

Because the public has a presumptive right of access to the Sealed Judicial Records under the common law, the Court should release them unless the party seeking the sealing rebuts the strong presumption under *Hubbard* and *Metlife*. Again, neither the parties nor the Court have articulated on the record how these factors could outweigh the "strong presumption" of access to the Sealed Judicial Records. *See In re Chodiev*, 2021 U.S. Dist. LEXIS 90103, at *27 (D.D.C. Mar. 23, 2021) (recommending unsealing briefs and exhibits in support of a motion as it "seems illogical to maintain the seal over these motions when the underlying filings will be unsealed").

The Court should therefore grant the Press Coalition access to the Sealed Judicial Records pursuant to the common law as well.

## CONCLUSION

For the foregoing reasons, the Press Coalition respectfully requests that the Court order the Sealed Judicial Records be unsealed and placed on the public docket.

Dated: April 20, 2023            Respectfully submitted,

                                            BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Lauren Russell (#1697195)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200 | Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballarspahr.com

*Counsel for the Press Coalition*